IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Arlean K. Brown, *as the Personal Representative of Melvin K. Lawhorn*, | C/A No.  3:14-1188-JMC-PJG |
| Plaintiff, | |
| v. | **ORDER** |
| Brian Elliot; Jim Matthews, *both individually and in his official capacity as the Sheriff of Kershaw County*; Kershaw County Sheriff's Office; and Kershaw County, | |
| Defendants. | |

This matter is before the court on the plaintiff's motion for sanctions, including default judgment and other relief, against the defendants for alleged spoliation of evidence.[1]  In support of her motion, the plaintiff contends that the defendants repeatedly responded in the negative to her discovery requests as to whether the police vehicles involved in the encounter at issue were equipped with dashboard cameras.  Subsequently, the plaintiff discovered photographic evidence depicting a camera in Officer Threatt's vehicle.  In opposition to the plaintiff's motion, the defendants have presented an affidavit from Sheriff Matthews explaining that while a camera head unit was installed in Officer Threatt's vehicle, it was not operational at the time because the Sheriff's Department was transitioning to a different brand of video recording equipment for its vehicles and, at the time of the events at issue, Officer Threatt's vehicle had not yet been equipped with the new hard-drive storage system necessary to record any video.  (Matthews Aff. ¶¶ 9-13, ECF No. 35-1 at 2.)

---

[1] For a discussion of the facts giving rise to this case, see the court's Report and Recommendation entered July 20, 2016.  (ECF No. 43 at 2-3.)



Based on the record before it, the court is constrained to conclude that the plaintiff has failed to establish that any video of the encounter at issue ever actually existed. Moreover, in light of the court's conclusions in the Report and Recommendation issued contemporaneously herewith, the plaintiff's request for a default judgment based on alleged spoilation of evidence would appear to be moot, since no material dispute of fact exists for video evidence to assist in resolving. Nonetheless, the court shares the plaintiff's frustration and chagrin that the defendants did not accurately respond to her discovery requests regarding the existence of cameras in the police vehicles involved in this case. Amidst a national atmosphere of civil unrest and apprehension toward law enforcement stemming from numerous videos from incidents across the country capturing violent encounters between police and African-American citizens,[2] the repeated lack of a forthright and precise response from the defendants regarding the presence of a camera in Officer Threatt's police vehicle is indeed disturbing. The court therefore finds it appropriate to award the plaintiff the attorney's fees and costs she incurred in connection with pursuing the instant motion. See Fed. R. Civ. P. 37(c). The plaintiff shall file an affidavit of fees and costs for the court's review on or before August 10, 2016.

**IT IS SO ORDERED.**

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

July 20, 2016
Columbia, South Carolina

---

[2] The record indicates that in this case both the officer and the plaintiff's decedent were African American.