IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Arlean K. Brown, *as the Personal Representative of Melvin K. Lawhorn*,<br><br>                Plaintiff,<br><br>v.<br><br>Brian Elliot; Jim Matthews, *both individually and in his official capacity as the Sheriff of Kershaw County*; Kershaw County Sheriff's Office; and Kershaw County,<br><br>                Defendants. | C/A No.  3:14-1188-JMC-PJG<br><br><br>**ORDER** |

      This matter is before the court on the parties' motions pursuant to Rule 59(e) of the Federal Rules of Civil Procedure for reconsideration of the court's July 20, 2016 Order.  (ECF Nos. 49 & 50.)  Neither party filed a response.  In its previous Order, the court found as moot plaintiff's motion for default judgment and granted in part plaintiff's motion for sanctions.

      A motion to alter or amend an earlier judgment filed pursuant to Rule 59(e) may be made on three grounds:  "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993).  "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance."  Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). "In general 'reconsideration of a judgment after its entry is an extraordinary remedy which should

Page 1 of  2

*PJG*

be used sparingly.' " Id. (quoting 11 Charles Alan Wright et al., Federal Practice and Procedure § 2810.1 (2d ed. 1995)).

Upon review of the motions, the court finds that neither party has presented new facts or evidence to alter the court's original findings, nor has either party demonstrated a clear error in law or a change in controlling law. Although the plaintiff primarily argues that Sheriff Matthew's affidavit testimony constitutes a "sham affidavit" under Fourth Circuit precedent, the court finds this argument was available to the plaintiff prior to the issuance of the court's order, and that the plaintiff failed to present this argument in her reply memorandum. Likewise, the defendants' argument that the plaintiff did not correctly utilize the discovery rules under the Federal Rules of Civil Procedure was available—but not raised—in the defendants' response in opposition to the plaintiff's motion for default judgment. Additionally, the plaintiff's argument that the sanctions issued by the court were insufficient and the defendants' argument that the sanctions issued by the court was unjust are unpersuasive.

Therefore, it is

**ORDERED** that the parties' motions for reconsideration are denied. (ECF Nos. 49 & 50.)

**IT IS SO ORDERED.**

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

September 23, 2016
Columbia, South Carolina