IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Arlean K. Brown, *as the Personal Representative of Melvin K. Lawhorn*, <br><br>　　　　　　　　　　Plaintiff, <br><br>v. <br><br>Brian Elliot; Jim Matthews, *both individually and in his official capacity as the Sheriff of Kershaw County*; Kershaw County Sheriff's Office; and Kershaw County, <br><br>　　　　　　　　　　Defendants. | C/A No. 3:14-1188-JMC-PJG <br><br><br><br>**ORDER** |

　　　　This matter is before the court for review of the plaintiff's affidavit of fees (ECF No. 51) submitted in response to the court's July 20, 2016 Order granting in part plaintiff's motion for sanctions (ECF No. 44). In its Order, the court directed the plaintiff to submit an affidavit detailing the attorney's fees and costs incurred in connection with pursuing the plaintiff's motion for default judgment.

　　　　It is well established that the allowance of attorney's fees is within a judge's discretion. See Barber v. Kimbrell's, Inc., 577 F.2d 216, 226 (4th Cir. 1978). Generally, in calculating an appropriate attorney's fee award, the court begins with the lodestar amount, that is, "the number of hours reasonably expended . . . multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). When an attorney has met his burden of showing that the requested rate and number of hours are reasonable, the resulting product is presumed to be a reasonable fee. See Blum v. Stenson, 465 U.S. 886, 887 (1984). In determining whether any adjustment to this calculation is

necessary, the court may consider twelve factors originally established in <u>Johnson v. Georgia Highway Express, Inc.</u>, 488 F.2d 714 (5th Cir.1974), and adopted by the United States Court of Appeals for the Fourth Circuit in <u>Barber v. Kimbrell's, Inc.</u>, 577 F.2d 216 (4th Cir. 1978). These factors include:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

<u>Barber</u>, 577 F. 2d at n.28.

The plaintiff's attorney has submitted an affidavit in which he requests attorney's fees incurred from preparing and filing the plaintiff's motion for default judgment in the amount of $11,550.00, which is calculated based on 42 hours of time at a rate of $275 per hour.[1]  (Aff. of Att'y's Fees ¶ 18, ECF No. 51 at 3.)  The plaintiff's attorney justifies the time required to prepare the motion by explaining that the motion was lengthy, contained over one hundred pages of annotated exhibits, and necessitated a reply brief that also contained annotated exhibits. (<u>Id.</u> ¶¶ 8-13, ECF No. 51- at 2.)  Additionally, the plaintiff's attorney details his sixteen years of legal experience and avers that his requested hourly rate is reasonable given his experience and the nature of the case. (<u>Id.</u> ¶¶ 2-7, 14-15, 17, ECF No. 51 at 1-3.)  The defendants have filed no objection to the amount

---

[1] The plaintiff's attorney does not specify or request costs associated with filing the motion for default judgment and waives paralegal time.


requested for attorney's fees and have not challenged either the hourly rate requested or the reasonableness of the hours expended.

Accordingly, based on the foregoing factors and the information before the court, the court finds the sum of $11,5550.00 for attorney's fees to be reasonable. It is therefore

**ORDERED** that the plaintiff is awarded attorney's fees against the defendants in the amount of $11,550.00.

**IT IS SO ORDERED.**

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

September 30, 2016
Columbia, South Carolina